**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
**E N T R Y   R E G A R D I N G   M O T I O N**
======================================================================

**In re Fowler NOV**                                    **Docket No. 159-10-11 Vtec**
**(Appeal of DRB decision upholding a NOV)**

Title: Motion for Partial Summary Judgment as to Interested Person Status (Filing No.1)

Filed: February 15, 2012

Filed by: Appellant James Fowler

Response filed on 3/7/12 by 18 Interested Persons

Reply filed on 3/19/12 by Appellant

Supplemental response filed on 4/5/12 by 18 Interested Persons

Additional supplemental response filed on 8/22/12 by 18 Interested Persons


 _X_ Granted (in part)              _X_ Denied (in part)              ___ Other

James Fowler ("Appellant") has appealed a decision by the Town of Richford Development Review Board ("the DRB") upholding the issuance of a Notice of Violation ("NOV") to him by the Town of Richford Zoning Administrator. On August 8, 2012 this Court issued a Decision denying, in part, Appellant's motion to dismiss twelve interested persons and the Town of Richford ("the Town") from this appeal.

In our August 8, 2012 Decision we denied Appellant's motion as it concerns Brian Bonk, Jay Bochner, and the Town. We did not reach a final conclusion as to the status of the ten other individuals who Appellant sought to dismiss—Brian Farrar, John Bridgeman, Pen Bridgeman, Jeffrey Goyne, Charlotte Rosshandler, Robert Fretz, Alison Osborne, John Osborne, Kitten Ellison, and Luke Parsons. Instead, we provided an additional fifteen days to the named individuals to submit pertinent information. We have received a timely, responsive filing, and now proceed to render a final determination on the status of these ten individuals in this appeal.

Two matters remained unclear from the ten named individuals' previous filings. One was whether four of the individuals claiming to be entitled to interested person status under 24 V.S.A. § 4465(b)(4) are voters or real property owners in the Town of Richford, a requirement included in the provision. The Court has now received affidavits from three of these individuals—Alison Osborne, John Osborne, and Kitten Ellison—representing that each is a property owner in the Town of Richford. With this information, in addition to that discussed in our August 8, 2012 Decision, we conclude that the following eight individuals (whom Appellant's motion challenges) qualify as part of a group of ten or more property owners entitled to interested person status under 24 V.S.A. § 4465(b)(4): John Bridgeman, Pen Bridgeman, Jeffrey Goyne, Charlotte Rosshandler, Robert Fretz, Alison Osborne, John Osborne, and Kitten Ellison. We therefore **DENY** Appellant's motion to dismiss these individuals.

We have received no additional information indicating that Luke Parsons is a voter or property owner. Thus, we conclude that he is not entitled to participate in this appeal as part of the aforementioned group with interested person status under 24 V.S.A. § 4465(b)(4). We further note that we have no information before us indicating that Mr. Parsons qualifies as an individual interested persons under 24 V.S.A. § 4465(b)(3), and neither has his counsel so argued. Consequently, we **GRANT** Appellant's motion to dismiss Luke Parsons from this appeal.

The second, and final, matter that remained unclear from the previous filings is whether Brian Farrar is impacted by the activities for which Appellant received a NOV (that is, by Appellant's use of a motocross bike), and therefore qualifies as an interested person under 24 V.S.A. § 4465(b)(3). The demonstration of a "physical or environmental impact on the person's interest" is required by 24 V.S.A. § 4465(b)(3). At the time of our August 8, 2012 Decision we had no allegations describing an impact on Mr. Farrar from Appellant's activities, but we gave Mr. Farrar additional time to submit such information. Because we have received no additional information from Mr. Farrar, we **GRANT** Appellant's motion to dismiss Brian Farrar from this appeal.

In summary, we **DENY** Appellant's motion to dismiss John Bridgeman, Pen Bridgeman, Jeffrey Goyne, Charlotte Rosshandler, Robert Fretz, Alison Osborne, John Osborne, and Kitten Ellison. They remain interested persons in this appeal. We **GRANT** Appellant's motion to **DISMISS** Luke Parsons and Brian Farrar from this appeal. They shall receive this Entry Order, but will be removed from this case and receive no additional correspondence hereafter.

| | |
|---|---|
| _____ | _____September 19, 2012_____ |
| Thomas S. Durkin, Judge | Date |

==========================================================================

Date copies sent to: _____                          Clerk's Initials _____

Copies sent to:

Annie Dwight, Attorney for Appellant James Fowler

Gerald R. Tarrant, Attorney for Interested Persons Kathleen Ross, Richard Ross, John Bridgman, Norris Kyle, Helen Kyle, Sally Bochner, Lilias-Mary Paddon, Brian Bonk, Jeffrey Goyne, Charlotte Rosshandler, Kitten Ellison, Luke Parsons, Jay Bochner, Pen Bridgman, Brian Farrar, Alison Osborne, John Osborne, and Robert Fretz

Michael S. Gawne, Attorney for Town of Richford

Interested Person Charles Hotchkin, pro se